09-0815-ag
Lin v. Holder

BIA
A095 716 374

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:
        RALPH K. WINTER,
        PIERRE N. LEVAL,
        REENA RAGGI,
            *Circuit Judges.*

_____

NEN MEI LIN, a.k.a. NEN-MEI LIN,
            *Petitioner*,

            v.                                09-0815-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Hualian Law
                       Offices, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; James Grimes, Senior
                       Litigation Counsel; Elizabeth Young,
                       Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Nen Mei Lin, a native and citizen of the People's Republic of China, seeks review of the January 30, 2009 order of the BIA denying her motion to reopen. *In re Nen Mei Lin*, No. A095 716 374 (B.I.A. Jan. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006), mindful of "the Supreme Court's admonition that motions to reopen are disfavored," *Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir. 2006) (citing *INS v. Abudu*, 485 U.S. 94, 107 (1988) ("There is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases.")); *see also INS v. Doherty*, 502 U.S. 314, 323 (1992). When the BIA evaluates country conditions evidence submitted with a motion to reopen, we review its findings

2

for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen based on her failure to establish *prima facie* eligibility for relief. *See Abudu*, 485 U.S. at 104.

The BIA reasonably concluded that, notwithstanding her membership in the China Democracy Party ("CDP") in the United States, Lin failed to show that the Chinese government would single her out for persecution upon her return to China, or that the Chinese government has a pattern or practice of persecuting overseas members of the CDP who return to China. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The BIA also reasonably concluded that the evidence in the record did not describe the persecution or torture of individuals similarly situated to Lin. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005). Contrary to Lin's argument, the BIA analyzed the most significant pieces of evidence in the record, and adequately indicated the basis for its decision. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that where the BIA "has given reasoned consideration to the petition, and made adequate findings," it need not "expressly parse or refute on the record each individual argument or piece of evidence") (internal quotation marks

3

and citations omitted).

To the extent Lin urges the Court to remand her case to the BIA to address her July 2007 motion to remand, that argument is not properly before us. The proper mechanism for such an argument would have been a petition for review of the BIA's July 2008 order, a step Lin failed to take. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89, 90 (2d Cir. 2001) (providing that where an alien timely petitions for review from the denial of a motion to reopen, but not from the underlying affirmance of another decision, this Court may review only the denial of the motion).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____